# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **GRACE AKINLEMIBOLA**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17 C 290 |
| | ) |
| **CHICAGO-KENT COLLEGE OF LAW**, | ) |
| and **CAROLYN SHAPIRO**, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM ORDER**

This lawsuit, one of five filed on the same day (January 13, 2017) by pro se plaintiff Grace Akinlemibola ("Akinlemibola"), has come to this Court's calendar via the District Court's computerized random assignment system. Somewhat astonishingly, Akinlemibola has coupled her self-prepared Complaint with an In Forma Pauperis Application ("Application") even though Application ¶ 2.A. represents that she receives a monthly salary of $13,345 and several other portions of the Application demonstrate that her claims of poverty must be viewed as having been submitted in bad faith.

Indeed, Complaint ¶ 27 alleges:

> Plaintiff started a private business in February of 2016 to create a new avenue of prosperity for herself, where her business made over $3 million dollars in accrual-based income its first fiscal year of only ten and a half months and is worth slightly over $1 billion dollars. Plaintiff amassed her first fiscal year of income based on gaining consulting contracts with many entrepreneurs and solving new ways to fix some of their problems and negotiating cumulative management strategies. Her businesses are worth a total of over $1 billion dollars, where Plaintiff owns over 40 different brands and products.

And quite apart from her claim of being a billionaire on paper (which might perhaps be discounted as a pie-in-the-sky claim), other portions of the Application show her receipt of salary and professional income of more than $100,000 in the last 12 months (Application ¶ 4.A. and B.), $150,000 in equity in a condominium (id. ¶ 7) and a $14,000 equity in a 2016 Lincoln worth $40,000 (id. ¶ 8).

Accordingly the Application is denied out of hand. Akinlemibola is ordered to pay the $400 filing fee to the Clerk of Court on or before January 27, 2017.

As for federal subject matter jurisdiction, Akinlemibola's Complaint ¶ 10 reads:

In addition to state law claims, Plaintiff also brings this action as a violation of rights secured by the Thirteenth and Fourteenth Amendments of the Constitution of the United States of America pursuant to 42 U.S.C. §1983.

But one of her two defendants, Chicago-Kent College of Law, is clearly not a "state actor" to which 42 U.S.C. § 1983 ("Section 1983") applies, so that Akinlemibola's ability to enter the federal courthouse door in the figurative sense has to hinge on the notion that the other defendant, Carolyn Shapiro ("Shapiro"), deprived her of those constitutional rights "under color of any statute, ordinance, regulation, custom or usage, of any State or Territory" -- the actual statutory language that is commonly condensed into the term "state actor."

In that respect Complaint ¶¶ 59 and 60 read:

59. Defendant CAROLYN SHAPIRO is the former Illinois Solicitor General from 2014 through 2016.

60. CAROLYN SHAPIRO is a professor at Chicago-Kent College of Law.

But Akinlemibola has crossed over -- or more precisely, has not thought through -- the significance of the fact that the activity legitimately ascribed to Shapiro in her Complaint was conduct qua professor and not qua Solicitor General.

In that respect the situation is no different from the familiar distinction made in an ill-conceived putative Section 1983 action brought against a police officer who is charged with the use of excessive force in a purely private brawl. In terms of this Complaint's three counts that purport to involve federal-question jurisdiction:

1. Complaint Count I, captioned "§1983 Violation of the Thirteenth Amendment," stretches the concept of "slavery and involuntary servitude" totally beyond legitimate bounds.

2. Count II, captioned "§1983 Violation of Due Process," relates solely to activities of a private law school and not to state action and is thus also outside the bounds of Section 1983.

3. Count III, captioned "§1983 Violation of Free Speech," is likewise not state action and hence is equally beyond the legitimate scope of Section 1983.

In sum, Akinlemibola's claimed grievances that she seeks to reshape in Section 1983 terms fail utterly to bring federal subject matter jurisdiction into play. They, like the claims set out in Count IV captioned "Intentional Infliction of Emotional Distress" and Count V captioned "Fraudulent Misrepresentation," must be advanced in the state court system, where the courts are not constrained by the limits defined by Congress. Both the Complaint and this action are consequently dismissed for lack of federal subject matter jurisdiction, although Akinlemibola remains liable for the $400 filing fee referred to earlier.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 18, 2017