# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **GRACE AKINLEMIBOLA**, | ) |
| Plaintiff, | ) |
| v. | ) USCA Case No. 17-1156 |
| | ) (Dist. Ct. Case No. 17 C 290) |
| **CHICAGO-KENT COLLEGE OF LAW**, | ) |
| and **CAROLYN SHAPIRO**, | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Pro se plaintiff Grace Akinlemibola ("Akinlemibola") has appealed to our Court of Appeals from this Court's January 18, 2017 memorandum order ("Order") dismissing her self-drafted Complaint and this action. In accordance with its regular practice when an appellant seeks to proceed in forma pauperis ("IFP") as has been done here, the Court of Appeals has transmitted her IFP application to this Court for a ruling in the first instance.

Because Akinlemibola had also sought to proceed IFP in the District Court, the January 18 order of dismissal addressed that subject at the outset of the Order that ended by dispatching Akinlemibola's Complaint and the action itself. Based on her IFP Application filed in the District Court, IFP status was denied for the reasons stated in the Order, a copy of which is attached for informational purpose (see the brief discussion at the bottom of page 1 and the top of page 2).

Before the Court of Appeals, Akinlemibola has completed its somewhat different form, including the required "Affidavit Accompanying Motion for Permission To Appeal In Forma Pauperis" (Dkt. No. 5-2) that fleshes out the financial information disclosed by the motion by tendering an attached explanation. In sum, what Akinlemibola's total submissions reflect is

(1) that during the past 12 months she has indeed received total income of just short of $100,000 (with the first ten months having been spent in employment with the City of Chicago and with the last two months providing gross monthly pay in excess of $13,000), (2) that she resides in a $160,000 condominium and (3) that she drives a 2016 Lincoln valued at $40,000. Despite those indicia that scarcely suggest the level of poverty that evidence the inability to muster up a $505 filing fee, she explains that she is financially strapped because she is launching a business development in which she is the sole stockholder and which, if successful, will be enormously profitable.[1]

This Court will not presume to set Akinlemibola's priorities for her. In its view, however, her submission is wholly inadequate to allow Akinlemibola to avoid paying the filing fee in the Court of Appeals. This Court accordingly recommends the denial of Akinlemibola's motion (Dkt. No. 4 in the District Court docket) to proceed in forma pauperis before the Court of Appeals.

                                                         Milton I. Shadur
                                                        Senior United States District Judge

Date: January 27, 2017

---

[1] Affidavit ¶ 11 asks "Have you paid -- or will you be paying -- anyone other than an attorney (such as a paralegal or a typist) any money for services in connection with this case, including the completion of this form?" Akinlemibola has answered that question "Yes," filling in the "How much?" space by reporting "$1 million (contingent on positive resolution)."

IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF ILLINOIS
                              EASTERN DIVISION

| | |
|---|---|
| **GRACE AKINLEMIBOLA**, | ) |
| | ) |
|            Plaintiff, | ) |
| | ) |
|    v. | )   Case No. 17 C 290 |
| | ) |
| **CHICAGO-KENT COLLEGE OF LAW**, | ) |
| and **CAROLYN SHAPIRO**, | ) |
| | ) |
|            Defendants. | ) |

## MEMORANDUM ORDER

This lawsuit, one of five filed on the same day (January 13, 2017) by pro se plaintiff Grace Akinlemibola ("Akinlemibola"), has come to this Court's calendar via the District Court's computerized random assignment system. Somewhat astonishingly, Akinlemibola has coupled her self-prepared Complaint with an In Forma Pauperis Application ("Application") even though Application ¶ 2.A. represents that she receives a monthly salary of $13,345 and several other portions of the Application demonstrate that her claims of poverty must be viewed as having been submitted in bad faith.

Indeed, Complaint ¶ 27 alleges:

> Plaintiff started a private business in February of 2016 to create a new avenue of prosperity for herself, where her business made over $3 million dollars in accrual-based income its first fiscal year of only ten and a half months and is worth slightly over $1 billion dollars. Plaintiff amassed her first fiscal year of income based on gaining consulting contracts with many entrepreneurs and solving new ways to fix some of their problems and negotiating cumulative management strategies. Her businesses are worth a total of over $1 billion dollars, where Plaintiff owns over 40 different brands and products.

ATTACHMENT

And quite apart from her claim of being a billionaire on paper (which might perhaps be discounted as a pie-in-the-sky claim), other portions of the Application show her receipt of salary and professional income of more than $100,000 in the last 12 months (Application ¶ 4.A. and B.), $150,000 in equity in a condominium (id. ¶ 7) and a $14,000 equity in a 2016 Lincoln worth $40,000 (id. ¶ 8).

Accordingly the Application is denied out of hand. Akinlemibola is ordered to pay the $400 filing fee to the Clerk of Court on or before January 27, 2017.

As for federal subject matter jurisdiction, Akinlemibola's Complaint ¶ 10 reads:

In addition to state law claims, Plaintiff also brings this action as a violation of rights secured by the Thirteenth and Fourteenth Amendments of the Constitution of the United States of America pursuant to 42 U.S.C. §1983.

But one of her two defendants, Chicago-Kent College of Law, is clearly not a "state actor" to which 42 U.S.C. § 1983 ("Section 1983") applies, so that Akinlemibola's ability to enter the federal courthouse door in the figurative sense has to hinge on the notion that the other defendant, Carolyn Shapiro ("Shapiro"), deprived her of those constitutional rights "under color of any statute, ordinance, regulation, custom or usage, of any State or Territory" -- the actual statutory language that is commonly condensed into the term "state actor."

In that respect Complaint ¶¶ 59 and 60 read:

59. Defendant CAROLYN SHAPIRO is the former Illinois Solicitor General from 2014 through 2016.

60. CAROLYN SHAPIRO is a professor at Chicago-Kent College of Law.

But Akinlemibola has crossed over -- or more precisely, has not thought through -- the significance of the fact that the activity legitimately ascribed to Shapiro in her Complaint was conduct qua professor and not qua Solicitor General.

In that respect the situation is no different from the familiar distinction made in an ill-conceived putative Section 1983 action brought against a police officer who is charged with the use of excessive force in a purely private brawl. In terms of this Complaint's three counts that purport to involve federal-question jurisdiction:

1. Complaint Count I, captioned "§1983 Violation of the Thirteenth Amendment," stretches the concept of "slavery and involuntary servitude" totally beyond legitimate bounds.

2. Count II, captioned "§1983 Violation of Due Process," relates solely to activities of a private law school and not to state action and is thus also outside the bounds of Section 1983.

3. Count III, captioned "§1983 Violation of Free Speech," is likewise not state action and hence is equally beyond the legitimate scope of Section 1983.

In sum, Akinlemibola's claimed grievances that she seeks to reshape in Section 1983 terms fail utterly to bring federal subject matter jurisdiction into play. They, like the claims set out in Count IV captioned "Intentional Infliction of Emotional Distress" and Count V captioned "Fraudulent Misrepresentation," must be advanced in the state court system, where the courts are not constrained by the limits defined by Congress. Both the Complaint and this action are consequently dismissed for lack of federal subject matter jurisdiction, although Akinlemibola remains liable for the $400 filing fee referred to earlier.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 18, 2017